**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANIEL LEE BECKLEY (#728916)** | **CIVIL ACTION NO.** |
| **VERSUS** | **24-766-BAJ-SDJ** |
| **MARC E. JOHNSON, ET AL.** | |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on January 20, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DANIEL LEE BECKLEY (#728916)**　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　**24-766-BAJ-SD**

**MARC E. JOHNSON, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Plaintiff Daniel Lee Beckley, who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana.[1] As Defendants Marc E. Johnson, Stephen J. Windhorst, and John J. Molaison, Jr. are absolutely immune from suit for damages for their actions taken in Beckley's appeal, and as Beckley's claim for injunctive relief cannot be maintained in this Court, it is recommended that Beckley's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A and that the Court decline to exercise supplemental jurisdiction over potential state law claims.[2]

### I. BACKGROUND

Beckley brought this suit on or about September 10, 2024, under 42 U.S.C. § 1983 against Defendants, who are or were all judges at the Louisiana Court of Appeals for the Fifth Circuit.[3] Beckley seeks injunctive relief, including reversal of his conviction and a new trial.[4]

### II. LAW & ANALYSIS

#### A. Standard of Review

---

[1] R. Doc. 1.

[2] The Motion to Dismiss will be denied without prejudice to reurging should the recommendation not be adopted. R. Doc. 14. Service was never ordered by the Court in this case, nothing in the record indicates service was achieved, yet Defendants appeared in this case via the filing of the Motion to Dismiss.

[3] R. Doc. 1, p. 4.

[4] R. Doc. 1, p. 5. Reading the complaint liberally and presuming Beckley also seeks monetary relief, such claims are also subject to dismissal, as discussed below.

Under 28 U.S.C. § 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Screening under § 1915A is conducted before service of process and dismissal is proper as to any claim that is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[5]

To determine whether the complaint states a claim under § 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] This means that the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12] A claim

---

[5] *See* 28 U.S.C. §1915A.

[6] *Plascencia-Orozco v. Wilson*, 773 Fed.Appx. 208, 209 (5th Cir. 2019) (citation omitted); *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).

[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.*

[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B. Berkley's Claims Should Be Dismissed

To the extent Berkley intended to seek monetary relief, Defendants are all judges who are absolutely immune from liability in Berkley's § 1983 suit for monetary damages.[14]  Judicial officers are absolutely immune from liability for damages for acts performed in the exercise of their judicial functions.[15]  Berkley's claims against the judges concern judicial decisions during Berkley's direct appeal.[16] These actions are squarely within the realm of judicial function and are covered by the doctrine of judicial immunity.

Though absolute immunity does not extend to suits for injunctive relief under § 1983,[17] to the extent that Berkley seeks declaratory or injunctive relief in the form of a reversal of his conviction and a new trial in his state criminal case,[18] this court has no power to grant this injunctive relief.[19]  Further, the claim seeking dismissal of criminal charges cannot be brought in

---

[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[14] A district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a § 1915(e) determination. *See Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994) ("it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity … as a threshold matter" in deciding whether a plaintiff's claims are subject to dismissal under § 1915.)

[15] *See Boyd*, 31 F.3d at 284, citing *Graves v. Hampto*n, 1 F.3d 315, 317 (5th Cir. 1993).

[16] R. Doc. 1, p. 4.

[17] *See Chrissy F. by Medley v. Miss. Dept of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991) (citations omitted).

[18] R. Doc. 1, p. 5.

[19] *See Johnson v. Bigelow*, 239 Fed.Appx 865 (5th Cir. 2007) (*per curiam*) (affirming dismissal of a prisoner's request for injunctive relief under 42 U.S.C. § 1983 against a state judge as frivolous because "the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties").

a suit under § 1983.[20]  Accordingly, all Beckley's federal claims are subject to dismissal with prejudice.[21]

### C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Potential State Law Claims

Finally, to the extent that Beckley's allegations may be interpreted as an attempt to request that this Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[22]  Having recommended dismissal of all Beckley's federal claims, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claims.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over the potential state law claims, that Plaintiff Daniel Lee Beckley's federal claims be **DISMISSED**

---

[20] *See Winzer v. 26th Judicial District Court*, No. 20-1204, 2021 WL 4048475 (W.D. La. July 19, 2021) ("Release from custody and dismissal of charges are not available through a civil rights action.") (citations omitted).

[21] Though ordinarily a *pro se* plaintiff should be afforded an opportunity to amend his or her complaint prior to dismissal, leave to amend is not necessary if amendment would be futile. Here, Beckley should not be allowed leave to amend to attempt to state a claim because any amendment consistent with the facts alleged would be subject to dismissal. *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile). Additionally, though it is sometimes proper to construe a § 1983 complaint as a habeas action brought pursuant to § 2254, it would be improper to do so in this case because Beckley has already filed a habeas action, which was dismissed with prejudice and would render another habeas action subject to dismissal as successive. *See Daniel Lee Beckley v. Tim Hooper*, No. 22-860 (E.D. La.).

[22] 28 U.S.C. § 1367.

4

**WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A, and that this case be **CLOSED**.[23]

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss filed by Defendants be **DENIED** without prejudice to reurging the Motion should the recommendation not be adopted.

Signed in Baton Rouge, Louisiana, on January 20, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] Beckley is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Recommendation be adopted, the dismissal will count as a strike.