UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL LEE BECKLEY (#728916)  CIVIL ACTION

VERSUS

MARC E. JOHNSON, ET AL.  NO. 24-766-BAJ-SDJ

### RULING AND ORDER

Plaintiff, an incarcerated person at Louisiana State Penitentiary who is representing himself without assistance of counsel, filed this lawsuit pursuant to 42 U.S.C. § 1983 against Defendants Marc E. Johnson, Stephen J. Windhorst, and John J. Molaison, Jr., all judges at the Louisiana Court of Appeals for the Fifth Circuit. (Doc. 1). Plaintiff alleges that Defendants have interfered with Plaintiff's constitutional right to equal protection of the laws under the Fourteenth Amendment of the U.S. Constitution, and his right to judicial review under the Louisiana Constitution. (*Id.*). Plaintiff seeks injunctive relief, including reversal of his conviction and a new trial. (*Id.*).

Pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Magistrate Judge has now issued a **Report and Recommendation (Doc. 19, the "Report")**, recommending that the Court dismiss Plaintiff's claims, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted. Plaintiff timely filed an objection. (Doc. 20). Plaintiff's objection, however, fails to address the underlying jurisdictional issue that this Court has no power to grant the injunctive relief he seeks under § 1983. (Doc. 19 at 4). Plaintiff seeks leave

to amend the relief requested in his Complaint. (Doc. 20 at 3-4). However, the relief Plaintiff would request upon amendment, "ordering that the appellate record in Plaintiff's direct appeal be reconstructed and a hearing be conducted to determine if Plaintiff suffered any prejudice by the missing portions of the record," still constitutes relief that the Court cannot grant under § 1983 and would be more appropriately requested through a habeas petition pursuant to 28 U.S.C. § 2254. (*Id.*). As the Report notes, Plaintiff has filed a previous habeas petition in this matter, which was dismissed with prejudice. (Doc. 19 at n. 21). As such, allowing Plaintiff to amend his complaint would be futile "because any amendment consistent with the facts alleged would be subject to dismissal" as a successive habeas petition. (*Id.*). *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017).

After careful consideration of the Complaint (Doc. 1), the Report (Doc. 19), and Plaintiff's Objection (Doc. 20), the Court **APPROVES** the Report and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Court will consider this dismissal as a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g).

Baton Rouge, Louisiana, this 11th day of February, 2026

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**